## LEWIS H. GILLETT

v.

## ELIPHALET FULLER.

ASSAULT AND BATTERY.—Appellee commenced a quarrel with appellant and assaulted and beat him so that he was unable for several weeks to attend to his ordinary business. The record fails to show any evidence justifying the assault, and the verdict is so manifestly against the weight of evidence as to require a reversal. Under the evidence, appellant has sustained and should receive substantial damages.

Gillett v. Fuller.

APPEAL from the Circuit Court of Kane county; the Hon. T. D. MURPHY, Judge, presiding.

Messrs. LITTLE & WHITE, for appellant; that the verdict was clearly against the evidence, and a new trial should be granted, cited Puterbaugh v. Crittenden, 55 Ill. 485; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Smith v. Slocum, 62 Ill. 354; Knott v. Skinner, 63 Ill. 239; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; C. C. & I. C. R. R. Co. v. Troesch, 57 Ill. 155; Davenport et al. v. Springer et al. 63 Ill. 276; Schwartz v. Lammers, 63 Ill. 500.

Mr. N. F. NICHOLS and Mr. A. J. HOPKINS, for appellee; contending that the case was one peculiarly within the province of a jury to decide, and, it appearing that substantial justice has been done, their verdict should not be disturbed, cited DeClurg v. Mungin, 46 Ill. 112; Union Hide & Leather Co. v. Schœnmann et al. 48 Ill. 74; Ottawa v. Sweely, 65 Ill. 434; Smith v. Schultz, 1 Scam. 491; Gillett et al. v. Sweat, 1 Gilm. 475.

PILLSBURY, J.   At a school meeting held in their district, for the purpose of electing a school director, the parties to this suit became engaged in a dispute about school matters, and high words passed between them.

The appellee commenced the quarrel, and soon advanced across the room in a threatening manner to where appellant was seated, talking with some of the electors present, and as appellant arose, Fuller struck him a most cruel blow upon the side of the head, cutting open the scalp, and knocking him about ten feet into the chimney corner; then followed him up, and as appellant seized a chair with which to defend himself he was again knocked down and beaten in a most brutal manner.   The appellant was so severely injured, that he was unable for several weeks to attend to his ordinary business, a portion of which time he was under the care of a physician.

The appellant at the time was sixty years old, while the appellee was not over thirty years, weighing 200 pounds,

strong and muscular, and the extent of the injury inflicted upon appellant with his fists, is sufficient proof of his fighting qualities.

This record is barren of any evidence tending to show excuse or justification for this unlawful act, yet the jury found the defendant not guilty.

The evidence shows that the appellant owns five hundred acres of land in that school district, and pays a school tax of $280, and also owns one thousand acres of land elsewhere, while the appellee, in comparison, is poor; and undoubtedly this verdict is the result of that prejudice which, especially in these days, rest in the minds of many against those who have, by the exercise of industry and frugality, acquired more property than their less provident or less fortunate neighbors.

We can see no other basis in this record for this unjust verdict. Verdicts of not guilty, in actions both civil and criminal where personal violence has been inflicted or attempted, where the proof of guilt is clear and positive, as in this case, have a direct tendency to bring the law itself into disrespect, its administration into contempt, and to induce the injured to take the law into their own hands.

If courts and juries will not so enforce the law as to protect the persons of the weak against the assaults of the strong, then we must expect them to place themselves upon an equality by the use of deadly weapons.

In criminal prosecutions the courts are powerless in case of an unjust acquittal, but must discharge the defendant and give him another opportunity to demonstrate his prowess. In actions for damages for personal injuries, however, the jury are not the final arbiters, and the courts in clear cases ought to see that he who unjustifiably beats his neighbor, shall respond in damages to the extent of the injury inflicted.

It is urged by counsel for the appellee, that this court ought not to set aside the verdict, as the appellant will probably recover nothing more than nominal damages on a re-trial of the cause.

We are of opinion that the appellant has sustained and should receive at the hands of a jury substantial damages; and

for the purpose of enabling him so to do, the judgment will be reversed and the cause remanded.

Judgment reversed.